UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEE CLAY,

       Plaintiff,

                                CASE NO. 2:07-CV-14634
                                JUDGE ARTHUR J. TARNOW
                                MAGISTRATE JUDGE PAUL J. KOMIVES

   v.

CITY OF DETROIT,
DONDRE PENN and
KEVIN TREASUANT,

       Defendants.

_____/

**OPINION AND ORDER DEEMING MOOT DEFENDANT CITY OF DETROIT'S
MOTION TO DISMISS (Doc. Ent. 20); GRANTING IN PART AND DENYING IN PART
DEFENDANT CITY OF DETROIT'S MOTION TO STRIKE (Doc. Ent. 22); GRANTING
IN PART AND DENYING IN PART DEFENDANT CITY OF DETROIT'S MOTION
FOR PROTECTIVE ORDER (Doc. Ent. 40); and ISSUING FURTHER RULINGS ON
PLAINTIFF'S APRIL 29, 2006 MOTION (Doc. Ent. 16)**

I.      **OPINION**

A.      **Background**

      Plaintiff filed her original complaint on October 30, 2007.  Doc. Ent. 1.  On November 5,

2007, she filed a first amended complaint against the City of Detroit, Dondre Penn and Kevin

Treasvant.  Plaintiff's claims stem from the May 9, 2006, investigation regarding John Miller,

during which plaintiff alleges she was "physically assaulted by each of the Defendants in such a

fashion that she was pushed up against a house, handcuffed, and repeatedly beaten."  Doc. Ent. 2

at 3 ¶¶ 11, 12.  According to plaintiff, she was "kneed in her back several times while forcibly

held up against the house, and also punched several times in her kidneys."  Doc. Ent. 2 at 3 ¶ 12.

She alleges that Penn and Treasvant "further assaulted [her] by pulling her arms back and up

behind her while she was being pushed against the wall of the house, during which time Plaintiff heard a . . . 'popping sound' in her left shoulder. She advised th[e] officers that she was injured but was refused medical treatment." Doc. Ent. 2 at 3 ¶ 13.

Among plaintiff's claims are a violation of 42 U.S.C. § 1983 by the individual defendant officers; a violation of 42 U.S.C. § 1985; a count against the City of Detroit; intentional infliction of emotional distress; and gross negligence. Doc. Ent. 2 at 6-14. On December 13, 2007, the City of Detroit filed an answer to the complaint, as did Penn and Treasvant. Doc. Entries 3 and 4. Plaintiff filed replies to these answers on December 28, 2007. Doc. Entries 5 and 6.

According to plaintiff, she filed her Fed. R. Civ. P. 26(a) disclosures on February 19, 2008, and defendant City of Detroit filed its disclosures on April 7, 2008. Doc. Ent. 16 ¶ 7. In the meantime, on February 28, 2008, Judge Tarnow entered a stipulated order to compel discovery responses which in part required that defendants respond to plaintiff's first set of interrogatories and request for production of documents directed to defendant City of Detroit, as well as plaintiff's request for production of documents directed to defendant City of Detroit, by March 14, 2008. Doc. Ent. 10. Following a March 17, 2008 scheduling conference, a discovery deadline of May 30, 2008 was set. On April 11, 2008, Judge Tarnow conducted a telephone conference; defendant was to provide discovery materials by April 25th and plaintiff was to provide discovery materials by May 30th. *See also* Doc. Ent. 21 at 6.

**B.     Pending Motions**

Currently pending before the Court is defendant City of Detroit's May 20, 2008 motion to dismiss or, in the alternative, to compel discovery. Doc. Ent. 20. Defendant City of Detroit requests that the Court enter an order dismissing this case or, alternatively, compelling plaintiff's

deposition. Doc. Ent. 20 at 3. Judge Tarnow has referred this motion to me for hearing and determination. Doc. Ent. 24.

Also pending before the Court is defendant City of Detroit's May 26, 2008 motion to strike plaintiff's answers to interrogatories and plaintiff's response to defendant's first set of requests for production of documents. Doc. Ent. 22 at 2. Defendant City of Detroit contends that "absent the signature of both the Plaintiff and her attorney, there is no certification that the answers/responses submitted by the Plaintiff are complete and correct." Doc. Ent. 22 at 2 ¶ 6. Judge Tarnow has referred this motion to me for hearing and determination. Doc. Ent. 25.

Additionally pending before this Court is defendant City of Detroit's September 2, 2008 motion for protective order. Doc. Ent. 40. This motion asserts that "the parties cannot agree on whether [eleven specific] portions of the police manual should be provided to the Plaintiff's counsel[.]" Doc. Ent. 40 at 1-2 ¶ 4. Judge Tarnow has also referred this motion to me for hearing and determination. Doc. Ent. 41.[1]

A hearing on these three motions was noticed for October 8, 2008. Doc. Ent. 42. On October 6, 2008, plaintiff filed responses to each of the three motions. Doc. Entries 43, 44 & 45.[2] On the date set for hearing, attorneys Ira B. Saperstein and Marion R. Jenkins appeared in my courtroom.

---

[1]In addition to these three motions, there is also pending a motion to stay. Doc. Ent. 46. Judge Tarnow has referred this motion to me for hearing and determination, and a hearing has been noticed for October 27, 2008. Doc. Entries 47 and 49.

[2]E.D. Mich. LR 7.1(b) provides that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." Furthermore, "[a] response to a dispositive motion must be filed within 21 days after service of the motion[,]" and "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1 (d)(1)(B), (d)(2)(B). Therefore, plaintiff's responses are tardy.

**C.     Analysis**

**1.     Defendant City of Detroit's Motion to Dismiss is Deemed Moot.**

In a July 23, 2008 letter to the Court, plaintiff's counsel explained that he was "not going to allow [defense counsel] to take [plaintiff's] deposition until [he] [had been] assured that all of the Police Officers' depositions ha[d] been scheduled and that they [would] not be cancelled for any reason."  Defendant City of Detroit's fifth notice of taking deposition of Dee Clay is dated July 23, 2008 and schedules the deposition for July 29, 2008.  In a July 28, 2008 letter, defense counsel claims that "[p]laintiff's counsel has consistently refused to present his client for deposition[.]"[3] Defense counsel claims "[i]t is disingenuous for Plaintiff's counsel to acknowledge that defense counsel is entitled to depose Mrs. Clay and then repeatedly refuse to produce her for deposition."  According to defense counsel, "[t]here has been no discovery because Plaintiffs' counsel refuses to participate."

In response to the instant motion, plaintiff states that her deposition was taken on September 15, 2008.  Doc. Ent. 45 at 1.  She seeks costs and attorney fees.  Doc. Ent. 45 at 2.

On or about October 1, 2008, the day after the October 8th hearing was noticed, plaintiff's counsel sent a letter to defense counsel.  Doc. Ent. 45 at 1.  On October 7, 2008, defense counsel responded that the motion would be dismissed upon plaintiff's counsel's stipulation that "the information [plaintiff] disclosed in her deposition will be obtained and/or documented and sent to [defense counsel's] office."

During the October 8th hearing, this motion was deemed moot except for the request for

---

[3]Defense counsel mentions the July 15, 2008 motion to compel deposition of Dee Clay (Doc. Ent. 30), which was resolved and deemed withdrawn by the Court's August 7, 2008 order (Doc. Ent. 35).

sanctions. Also, plaintiff's counsel was to provide a copy of the doctor's report to defense counsel within seven (7) days of receipt.

Upon consideration, plaintiff's October 6, 2008 request "to assess costs and attorney fees against the Defendants[,]" Doc. Ent. 45 at 1-2, is denied. Defendant's motion to dismiss was not a frivolous motion, as plaintiff was not entitled to refrain from being deposed on the grounds asserted.

**2.      Defendant City of Detroit's Motion to Strike is Granted in Part and Denied in Part.**

Plaintiff responds that "each and every question was answered fully and completely." Therefore, her counsel was not required to sign the answers. Plaintiff asserts that "[a] clear interpretation of Rule 33 is that counsel['s] signature was not required on the answers to the interrogatories and that [the] motion i[s] frivolous." Doc. Ent. 43 at 1. Again, plaintiff seeks costs and attorney fees. Doc. Ent. 43 at 2.

To begin, it is difficult to evaluate the requests at issue in this motion. E.D. Mich. LR 37.2 provides that "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." However, while defendant's motion requests that the Court strike "Plaintiff's Answers to Interrogatories and Plaintiff's Response to Defendant's First Set of Request for Production of Documents," defendant's City of Detroit's May 26th motion does not include a recitation or copy of the discovery request(s) and answer(s) with which it takes issue. In other words, it does not contain the detail anticipated by E.D. Mich. LR 37.2. Likewise, the Court is unable to discern whether

*any* signatures appear on the responses to the interrogatories or the requests for production of documents.

It was not until plaintiff's October 6, 2008 response that the Court learned it is apparently plaintiff's answer to Interrogatory No. 5 that is at issue. Plaintiff asserts that "[w]hile it is true that there was an objection to the scope of question number 5 on the grounds that it could not lead to admissible evidence, a full and complete answer to the question was nonetheless provided." Furthermore, plaintiff asserts, "[d]efendants have already been provided with a full and complete answer to interrogatory number 5." Doc. Ent. 43 at 1.

In an October 7, 2008 letter, defense counsel asserts that "any objection requires [plaintiff's counsel's] signature ([Fed. R. Civ. P.] 33). . . . Please revise your answers to indicate that there are no objections or file a response indicating why asking th[e] court to follow the court rules is a frivolous request." At the October 8th hearing, this motion was taken under advisement.

Fed. R. Civ. P. 33, which governs interrogatories to parties, provides in part that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). Therefore, as limited by defendant City of Detroit's October 7, 2008 letter, its motion to strike is granted in part and denied in part. Plaintiff's counsel should sign any objections, or plaintiff should file an amended answer to the interrogatory/ies at issue.

I note plaintiff's claim that "[d]espite repeated requests that this motion be dismissed, including my lengthy letter of October 1, 2008, defense counsel has failed to respond." Doc. Ent. 43 at 1-2. However, upon consideration, plaintiff's request for an assessment of costs and

6

attorney fees is denied.  Defendant's motion has been granted in part.

**3.     Defendant City of Detroit's Motion for Protective Order is Granted in Part and Denied in Part.**

Two of plaintiff's requests for production of documents are at issue here.  First, Request for Production No. 7 sought "[a]ll written practices, protocols, procedures and/or policies of the City of Detroit or its Police Department pertaining to the manner in which arrests are to be conducted."  Defendant City of Detroit responded that "[t]he relevant portion of this police manual is attached."  Doc. Ent. 21-3 at 2.

Second, Request for Production No. 8 sought "[a]ll written practices, protocols, procedures and/or policies of the City of Detroit or is Police Department pertaining to the use of deadly force by agents, servants and/or employees of the City of Detroit and/or its Police Department."  Defendant City of Detroit responded, "[o]bjection – this case does not concern the use of deadly force. Such information is not relevant."  Doc. Ent. 21-3 at 2.

In her May 22, 2008 filing, plaintiff sought an order "directing the Defendant to file full and complete answers to all discovery requests, including . . . the entire Detroit Police Manual[.]" Doc. Ent. 21 at 6-7.  On May 30, 2008, defense counsel explained that "[t]hose portions of the Police Manual regarding arrests were sent to the Plaintiff's counsel.  The documents sent to Plaintiff's counsel were the 'relevant portions' of the manual regarding arrests."  Doc. Ent. 26 at 3.  At the same-day motion hearing, defense counsel "questioned the necessity of producing the entire policy manual."  Doc. Ent. 27 at 6.

In my June 4, 2008 order, after considering Request Nos. 7 and 8 and the relative responses, I stated that the City of Detroit should make the police manual available to plaintiff's counsel for inspection only at defense counsel's office within ten (10) days of the date of the

order.  Plaintiff's counsel was not to disclose the information he received.  If plaintiff's counsel determined after this inspection that he needed copies of any portion of the police manual for use in this case, the parties should attempt to agree upon the terms of a protective order prior to copies being furnished.  If counsel could not agree to the terms, each side was permitted to submit a proposed order for my consideration.  Doc. Ent. 27 at 6.  Therefore, my June 4, 2008 order did not address defendant City of Detroit's relevance objection to Request for Production No. 8.

The instant motion for protective order was filed on September 2, 2008.  Doc. Ent. 40. Defense counsel claims that the eleven (11) portions (a. - k.) on which the parties cannot agree "have absolutely nothing to do with any claim in this case."  Doc. Ent. 40 ¶¶ 4, 5.  Defendant City of Detroit requested an in camera inspection of these items and an order stating that discovery of these materials not be had.  Doc. Ent. 40 ¶¶ 6, 7.

In the October 6, 2008 response, plaintiff claims her counsel "has never had an opportunity to review the language of the Detroit Police Manual."  Doc. Ent. 44 at 1.  Plaintiff's counsel admits that an inspection took place in the form of keyword searches of an electronic copy of the police manual.  Plaintiff's counsel also admits that on September 2, 2008, defense counsel provided plaintiff's counsel with "copies of those portions which he deemed appropriate and further provided a list of those sections which he did not agree should be provided."  Doc. Ent. 44 at 1-2.  Plaintiff's counsel responds that he has never "had an opportunity of viewing the sections of the 'manual' to which the Defendant City objects."  Plaintiff seeks an order "requiring the City of Detroit to immediately turn over to Plaintiff's counsel those sections of the Detroit Police Manual enumerated in Paragraph 4 a-k, along with costs and attorney fees to be

assessed against the Defendants for the filing of this frivolous motion." Doc. Ent. 44 at 2.

On October 7, 2008, defense counsel wrote that "there has been no failure to provide certain portions of the Detroit Police Manual. You were allowed to view the manual in its entirety." Defense counsel also wrote that "[i]t is [defense counsel's] list that precipitates the protective order motion."

During the October 8th hearing, defense counsel agreed to an in camera inspection. Plaintiff's counsel made an oral motion for costs related to this motion on the basis that defendant is in violation of the Court's June 4th order. Defense counsel was to deliver the relevant portions of the police manual to me by October 10th for in camera review. I committed to ruling upon the in camera inspection by October 16th.

To begin, I note that defense counsel's October 7th interpretation of Section C.1 of my June 4th order as providing that "any disputed portions of the manual w[ere] to be presented to the court for inspection and decision[,]" is inaccurate. My order did not provide for an in camera inspection. Although summarized above, my ruling in Section C.1 of my June 4th order specifically stated:

> With respect to plaintiff's requests for the individual defendants' personnel files and certain portions of the police manual, I am persuaded by the reasoning set forth in *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Ca. 1987). The City of Detroit shall make the individual officer defendants' personnel files and the police manual available to plaintiff's counsel for inspection only at defense counsel's office within ten (10) days of the date of this order. Plaintiff's counsel is not to disclose the information he receives. If plaintiff's counsel determines after this inspection that he needs copies of any portion of the personnel files or the police manual for use in this case, the parties should attempt to agree upon the terms of a protective order prior to copies being furnished. If counsel do not agree to the terms, each side may submit a proposed order for my consideration.

Doc. Ent. 27 at 6.

However, defendant City of Detroit's motion is granted to the extent it seeks an in camera review of the aforementioned documents. Defense counsel delivered eight (80) pages of documents to my chambers on or about October 10, 2008. Without revealing the specific content of these documents, the titles and relative lengths are as follows:

| | | |
|---|---|---|
| Directive 102.1 | Non-discrimination | 2 pages |
| Directive 102.02 | Bias based policing | 2 pages |
| Directive 102.5 | Awards | 7 pages |
| Directive 102.7 | Violence in the workplace | 1 page |
| Directive 202.4 | Case preparation | 20 pages |
| Directive 202.5 | Court appearances | 8 pages |
| Directive 303.3 | In-car video camera | 3 pages |
| Directive Number 304.5 | Board of review | 10 pages |
| Directive Number 305.4 | Holding cell areas | 14 pages |
| Directive Number 305.6 | Detainee Bonding | 9 pages |
| Directive 401.5 | Personnel files and procedures | 4 pages |

With the exception of the page lengths,[4] the produced items appear to be what defendant listed in its September 2nd motion for protective order. Doc. Ent. 40 ¶ 4.

Having reviewed these documents, defendant City of Detroit's motion is granted in part and denied in part to the extent it objected to the production of these documents on the basis of relevance. As Fed. R. Civ. P. 26(b) provides, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The rule further provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be

_____

[4]For example, defendant City of Detroit's motion lists a total of eighty-seven (87) pages.

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."  *Id*.

Considering Rule 26's definition of relevance, and without revealing the intricacies of these directives, Defendant City of Detroit's relevance objections to the production of Directive 102.7 ("Violence in the workplace"); Directive 202.4 ("Case preparation"); and Directive 202.5 ("Court appearances") are sustained.  As to the remaining eight (8) directives, I conclude that the materials to be inspected meet the test of relevance to plaintiff's complaint for discovery purposes.  Furthermore, as provided for in my June 4th order, the production of these directives will be made pursuant to a protective order which provides that plaintiff's counsel may not disclose the information he receives except as needed in this litigation only.  Any copies furnished shall be returned to defense counsel or destroyed at the conclusion of this case.

Plaintiff's request for an award of "costs and attorney fees to be assessed against the Defendants for the filing of this frivolous motion [for protective order][,]" Doc. Ent. 44 at 2, is denied.  Defendant's motion for protective order was granted to the extent it sought an in camera review and certain objections were sustained.  Any sanctions resulting from the production of the directives will be addressed in my deferred ruling on plaintiff's April 29, 2008 request for sanctions and attorney fees.

**4.      Plaintiff's April 29, 2008 request for fees and sanctions is denied.**

As of April 29, 2008, the day plaintiff's motion to compel was filed, the only order on the docket was the February 28, 2008 stipulated order to compel discovery responses.  Doc. Ent. 10.  Among other things, the order required that defendants respond to plaintiff's first set of

interrogatories and request for production of documents directed to defendant City of Detroit, as well as plaintiff's request for production of documents directed to defendant City of Detroit, by March 14, 2008.  Doc. Ent. 10.

In the April 29, 2008 motion, plaintiff specifically requested "attorney fees and sanctions against the Defendants in the amount of Three Thousand Dollars ($3,000.00) calculated at the rate of Three Hundred Dollars ($300.00) per hour *for at least ten (10) hours that Plaintiff's counsel has thus far wasted in attempting to get defense counsel to comply with this Court's Orders and advice.*"  Doc. Ent. 16 at 3 (emphasis added).

As previously mentioned, defendant City of Detroit served answers to plaintiff's first set of interrogatories on May 12, 2008.  That same month, defendant City of Detroit served responses to plaintiff's request for production of documents (Doc. Ent. 21-3) and answers to plaintiff's interrogatories regarding witnesses named on defendant's witness list (Doc. Ent. 21-4).  By the filing of her May 22, 2008 reply, plaintiff claimed her counsel "ha[d] expended approximately fifteen (15) hours in drafting correspondence, doing research and writing as well as having set aside five (5) days."  Doc. Ent. 21 at 6.

In my June 4, 2008 order, I deferred ruling on plaintiff's April 29, 2008 request for an order for sanctions and attorney fees against the Defendants for willfully failing to comply with this Court's prior Orders and directives.  Specifically, I deferred ruling on plaintiff's request for sanctions and attorney fees until the period for production required by my order had passed.  I also stated that Plaintiff's counsel may then advise the Court by letter, with a copy sent to defense counsel, what further discovery has or has not been furnished.  Doc. Ent. 27 at 7.

With this history in mind, the question becomes what discovery requests remain

outstanding - in other words, to what extent has plaintiff failed to comply with the Court's February 28, 2008 and/or June 4, 2008 orders.

Plaintiff's counsel wrote to the Court on June 27, 2008. In support of his request that the Court issue a ruling on the request for sanctions and attorney fees, plaintiff's counsel mentioned that he had not "received answers from the City of Detroit with respect to the 'Interrogatories Regarding Witnesses Named on Defendants' Witness List' as Ordered by the Court." He also mentioned that he had not received "any correspondence from Mr. Jenkins regarding [plaintiff's counsel's] ability to examine the Detroit Police Manual and the Defendants' personnel files until recently."

On July 23, 2008, plaintiff's counsel wrote to the Court, copying defense counsel, noting in part that there had been no discovery since my June 4, 2008 order. Specifically, plaintiff's counsel noted that the inspection of the personnel files (and presumably the police manual) was tentatively scheduled for July 29, 2008, and that he had not been able "to schedule a single deposition of any of the multiple Police Officers whom [he] must depose in this case." He requested that the Court rule on the request for sanctions and attorney fees and urged the Court "to Order a mandatory conference . . . so that all of the necessary depositions can be scheduled and taken in the very near future."[5]

In a July 28, 2008, letter to the Court, defense counsel takes issue with the manner in which plaintiff's counsel leaves telephone messages. Defense counsel asserted that plaintiff's counsel's inability to schedule depositions was "attributable to his failure to notice any

----

[5]During the October 8th hearing, a telephonic conference to be arranged by plaintiff's counsel was scheduled for October 17, 2008 at 3:00 p.m. On that date, I spoke with counsel for the parties. The deposition dates upon which counsel agreed will be set forth in a separate order.

deposition or, contrary to his assertion, to even provide a list of dates that he would be available for any depositions." Defense counsel suggested that "Plaintiff's counsel [wa]s avoiding discovery because of his client's pending criminal trial." Defense counsel asserts that the Court should ignore plaintiff's counsel's July 23, 2008 letter.

Plaintiff's April 29, 2008 request for fees and sanctions is denied. Plaintiff's April 29th motion alleged that "[d]espite the entry of the aforementioned Stipulated Order compelling Defendant to produce discovery [by March 14, 2008], it has failed to do so." Doc. Ent. 16 ¶ 4. Elsewhere in her motion, plaintiff alleges that "the defense has yet to file a single answer to any of the discovery requests made by Plaintiff." Doc. Ent. 16 ¶ 7. Defendant City of Detroit denies these paragraphs in its May 12, 2008 response. Doc. Ent. 17-3 ¶¶ 4, 7. As discussed above, the discovery responses were served in May 2008. Then, in plaintiff's May 22, 2008 reply - which was also titled an amended request to compel more specific discovery, for additional sanctions and/or for default of defendants - plaintiff took issue with the adequacy of defendant City of Detroit's May 8th and May 12th discovery responses. Doc. Ent. 21 at 2-3 ¶¶ 2, 6. Plaintiff's particular arguments were an alleged failure to produce personnel files; an alleged failure to produce written practices, protocols, procedures and/or policies of the City of Detroit or its police department pertaining to arrests; and an alleged failure to provide witness addresses. Doc. Ent. 21 at 3-6. The request for sanctions states,

> As a direct and proximate result of the continued failure of these Defendants to abide by the Court's directives and orders, Plaintiff's counsel has expended approximately fifteen (15) hours in drafting correspondence, doing research and writing as well as having set aside five (5) days. As a result of the cancellation of those depositions, other legal matters in which Plaintiff's counsel is involved were ignored because Plaintiff's counsel reasonably believed that the scheduled depositions would consume the entire day.

Doc. Ent. 21 at 6.

Nonetheless, having reviewed plaintiff's counsel's June 27th and July 23rd letters to the Court and defense counsel's July 28th letter to the Court, I conclude that an award of attorney fees and/or the imposition of sanctions against defense counsel is not warranted. Plaintiff's counsel was allowed an initial inspection of the electronically stored police manual; it was later that this initial inspection was found to be an unsatisfactory method of allowing the court-ordered discovery.

**5.    Defendant City of Detroit need not provide further answers to Interrogatory Nos. 3, 4, 5, 6, 7, 8 and 17.**

Also in my June 4, 2008 order, I mentioned plaintiff's request for "more complete answers to Plaintiff's Interrogatories to Defendant City of Detroit numbers 3, 4, 5, 6, 7, 8, 17." Doc. Ent. 21 at 7; Doc. Ent. 27 at 7. Specifically, I stated that I could not issue a ruling with respect to the adequacy of the City of Detroit's responses to these interrogatories, because the interrogatories and responses were not part of the record. Doc. Ent. 27 at 7.

On June 27, 2008, plaintiff's counsel wrote to the Court, to which he attached a copy of the interrogatories and answers. Plaintiff's counsel sought a further ruling regarding plaintiff's request for more complete answers to these interrogatories. On May 12, 2008, defendant City of Detroit served answers to plaintiff's first set of interrogatories, including:

3.    Please state the names, titles and addresses of anyone who investigated the incident complained of on behalf of the Defendant City of Detroit or its Police Department. **ANSWER:  This information is contained in police reports already sent to you.**

4.    Please state whether, during the occurrence that is the subject matter of this action, Defendants Officer Dondre Penn and Sergeant Kevin Treasvant were acting under any policy, guideline, custom, rule or practice of the City of Detroit or its Police Department. If so, as to each

15

such policy, guideline, custom, rule, or practice, please state [certain information a. - f.][.] **ANSWER:  a-f: Please see attached police guidelines.**[6]

5.  Please state in detail the story of Defendants City of Detroit, Officer Dondre Penn and Sergeant Kevin Treasvant of how the events surrounding the incident in question took place at the scene on May 9, 2006.  Further, please state the name, address, telephone number, job title, and employer of each person who will testify as to such facts, specifically identifying the subject matter to which each person will testify to. **ANSWER:  Police reports, which have already been sent to you, explain how the incident took place.**

6.  Please state whether any communications were made between any agents, servants and/or employees of Defendants City of Detroit, Officer Dondre Penn and Sergeant Kevin Treasvant and any other agents, servants and/or employees of these Defendants before, during and/or shortly after the incident involving Plaintiff or her son, John Miller.  If so, please describe in complete detail each such contact or communication made.  **ANSWER: Police reports have already been sent to you.**

7.  Were any statements, written or oral, recorded or unrecorded, signed or unsigned, obtained by Defendant City of Detroit or its Police Department, or any of their agents, servants and/or employees, from any person concerning any matter related to this case including the arrest of Plaintiff or John Miller, and, if so, for each statement further state [certain information a.- g.][.] **ANSWER: Yes.  a-g: Police reports have already been sent to you.**

8.  Please state whether or not an investigation concerning the incident described in the Complaint, including the arrest of Plaintiff or John Miller, was conducted by Defendant City of Detroit or its Police Department, or their agents, servants and/or employees or other representatives.  If so, please state further as to each such investigation [certain information a. - e.[.] **ANSWER: Yes.  a - e: Investigation reports have already been sent to you.**

---

[6]Specifically, the interrogatory seeks "a.  Its specific name and number; b. The person(s) to whom it applies; c.  Its effective date; d.  A detailed description of its substance and content; e. The name, address, telephone number and job title of the person responsible for overseeing or enforcing it; and f.  Whether it is in writing; and, if so, attach a copy to your answers."  Attached to defendant City of Detroit's answers are Directive Number 102.4 (Discipline); Directive 202.3 (Search Warrants and Execution); and Directive Number 202.2 (Search and Seizure).

17.     State the full name, last known address and telephone number of each and
        every person, whether o[r] not a witness, known to you or to your
        attorneys or representatives, having or claiming knowledge of or regarding
        the facts and circumstances concerning and surrounding the incident that
        is the subject of Plaintiff's Complaint.  **ANSWER: Please see police
        reports already sent to you.**

I conclude that defendant City of Detroit's answers to Interrogatory Nos. 3, 4, 5, 6, 7, 8 and 17

are adequate.  Therefore, to the extent plaintiff was seeking an order requiring defendant City of

Detroit to provide further answers to these interrogatories, her request is denied.

## II.     Order

In accordance with Section I.C.1, defendant City of Detroit's May 20, 2008 motion to

dismiss (Doc. Ent. 20) is DEEMED MOOT.  In accordance with Section I.C.2, defendant City of

Detroit's May 26, 2008 motion to strike (Doc. Ent. 22) is GRANTED IN PART and DENIED IN

PART.  In accordance with Section I.C.3, defendant City of Detroit's September 2, 2008 motion

for protective order (Doc. Ent. 40) is GRANTED IN PART and DENIED IN PART.  Defendant

City of Detroit shall provide eight (8) of the aforementioned directives, fifty-one (51) pages in

total, to plaintiff's counsel within ten (10) days of the date of this order.

Furthermore, plaintiff's April 29, 2006 request for sanctions and attorney fees (Doc. Ent.

16 at 3), is DENIED.  *See* Section I.C.4.  Finally, defendant City of Detroit need not provide

further answers to Interrogatory Nos. 3, 4, 5, 6, 7, 8 and 17.  *See* Section I.C.5.


IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of

ten days from the date of receipt of a copy of this order within which to file objections for

consideration by the district judge under 28 U.S.C. § 636(b)(1).

                                        s/ PAUL J. KOMIVES
                                        PAUL J. KOMIVES
Dated: October 21, 2008                 UNITED STATES MAGISTRATE JUDGE


        I hereby certify that a copy of the foregoing document was served upon counsel of record
on October 21, 2008, by electronic and/or ordinary mail.

                                        S/William F. Lewis
                                        Case Manager