UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEE CLAY,

       Plaintiff,

                                 CASE NO. 2:07-CV-14634
                                 JUDGE ARTHUR J. TARNOW
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

CITY OF DETROIT,
DONDRE PENN and
KEVIN TREASUANT,[1]

       Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT CITY OF DETROIT'S MOTION
FOR ORDER TO SHOW CAUSE (Doc. Ent. 90) but
PROVIDING FOR ALTERNATIVE RELIEF**

**I.    OPINION**

**A.    Procedural History**

Plaintiff filed her original complaint on October 30, 2007. Doc. Ent. 1. On November 5, 2007, she filed a first amended complaint against the City of Detroit, Dondre Penn and Kevin Treasvant. Plaintiff's claims stem from the May 9, 2006, investigation regarding John Miller, during which plaintiff alleges she was "physically assaulted by each of the Defendants in such a fashion that she was pushed up against a house, handcuffed, and repeatedly beaten." Doc. Ent. 2 at 3 ¶¶ 11, 12. Among plaintiff's claims are a violation of 42 U.S.C. § 1983 by the individual defendant officers (¶¶ 24-26); a violation of 42 U.S.C. § 1985 (¶¶ 27-30); a count against the City of Detroit (¶¶ 31-38); intentional infliction of emotional distress (¶¶ 39-41); and gross

---

[1] The correct spelling of this defendant's name is Kevin Treasvant. Doc. Ent. 4.

negligence (¶¶ 42-46).  Doc. Ent. 2 at 6-14.  On December 13, 2007, the City of Detroit filed an answer to the complaint, as did Penn and Treasvant.  Doc. Entries 3 and 4.  Plaintiff filed replies to these answers on December 28, 2007.  Doc. Entries 5 and 6.

Judge Tarnow conducted a scheduling conference on March 17, 2008, and set scheduling order deadlines shortly thereafter, including a discovery deadline of May 30, 2008.  On June 4, 2008, I entered an order extending the discovery deadline to September 2, 2008.  Doc. Ent. 27.  On August 8, 2008, Judge Tarnow entered a stipulated order for rescheduling discovery cut-off, case evaluation month, dispositive motion cut-off, joint final pre-trial conference and date when joint final pre-trial order is due.  Pursuant to that order, the discovery deadline was adjourned from September 2, 2008 until October 2, 2008.  Doc. Ent. 36.

**B.     Defendant City of Detroit's Motion for Order to Show Cause**

Defendant City of Detroit is attempting to take the deposition of Michael Clay, plaintiff's husband and a witness to the incident.  Doc. Ent. 90 at 3 ¶ 2.  It is defendant City of Detroit's position that Mr. Clay was served with a subpoena for the February 9, 2009 deposition on January 23, 2009 while he was a patient at Providence Hospital.  Doc. Ent. 87, Doc. Ent. 93-5.  However, it is plaintiff's position that Mr. Clay was discharged from the hospital on January 20, 2009.  Doc. Ent. 93-6.

On February 4, 2009, defense counsel renoticed the deposition of Michael Clay for Monday, March 2, 2009.  Doc. Ent. 90-3 at 3.  A copy of this notice was apparently mailed to Mr. Clay at 9540 St. Marys, Detroit, MI 48227.  Doc. Ent. 90-4 at 2-5.  On the morning of March 2, 2009, plaintiff's counsel informed defense counsel via facsimile that neither plaintiff's counsel nor Mr. Clay would be appearing for the deposition.  Doc. Ent. 93-7.

Currently before the Court is defendant City of Detroit's March 13, 2009 motion for

order to show cause.  Doc. Ent. 90.  Specifically, defendant City of Detroit seeks an order (A) "compelling Mr. Clay to appear before the Court and show cause why he should not be held in contempt;" (B) "assess[ing] costs [against Mr. Clay] in the amount of One Thousand ($1,000.00) Dollars for his failure to comply with a subpoena[;]" and (C) "prohibiting Mr. Clay from testifying in this matter[.]"  Doc. Ent. 90 at 4.

Judge Tarnow referred this motion to me for hearing and determination.  Doc. Ent. 91.  On April 6, 2009, plaintiff filed a response.  Doc. Ent. 93.  Specifically, plaintiff requests (A) "[a]n Order of this Court denying Defendant's Motion to compel Michael Clay to appear before the Court and show cause as to why he should not be held in contempt;" (B) "[a]n Order of this Court denying Defendant's request that Michael Clay be assessed costs of any amount for failing to comply with a subpoena, for the reason that no valid subpoena has ever been served upon him, and that discovery in this case has long ago been closed;" (C) "[t]hat this Court deny Defendant's request for an Order prohibiting Michael Clay from testifying in this matter;" and (D) "[t]hat this Court issue an Order compelling the Defendant to pay costs and attorneys' fees to Plaintiff's counsel for having to file a response to this frivolous motion, and for having to appear in Court to ague it."  Doc. Ent. 93 at 3-4.

On April 14, 2009, defendant City of Detroit filed a reply in which it requested that "its motion be granted in its entirety."  Doc. Ent. 95 at 3.  Furthermore, defendant City of Detroit argues that "[t]he deposition of Michael Clay should be allowed or, in the alternative, Michael Clay should not be allowed to testify at trial[,]" and "[c]osts should be assessed against Michael Clay for his failure to appear for deposition."  Doc. Ent. 95 at 5.

A hearing on the motion was scheduled for April 15, 2009.  Doc. Ent. 92.  On the date set

3

for hearing, attorneys Ira B. Saperstein and Marion R. Jenkins appeared in my courtroom.

**C.     Analysis**

Defendant City of Detroit's motion for order to show cause is based upon Fed. R. Civ. P. 45.  Doc. Ent. 90 at 6.  With respect to contempt, Rule 45 provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)."  Fed. R. Civ. P. 45(e).

As previously noted, plaintiff asserts that "no valid subpoena has ever been served upon [Mr. Clay]," and "discovery in this case has long ago been closed[.]" Doc. Ent. 93 at 4 ¶ B.  In its reply, defendant City of Detroit alleges that "Michael Clay is a non-party witness who chose to ignore a court subpoena.  Mr. Clay is not represented by Plaintiff's counsel.  Therefore, Plaintiff's counsel has no standing to respond to Defendant's motion."  Doc. Ent. 95 at 2 ¶ 3.  Defendant City of Detroit also claims that Fed. R. Civ. P. 45 "does not sanction the excuse provided by Plaintiff's counsel.  If there were any legitimate challenge to the subpoena served upon Michael Clay, Mr. Clay or his attorney should have presented the proper motion."  Doc. Ent. 95 at 3 ¶ 11.  Furthermore, the City of Detroit's reply brief claims that plaintiff's response was untimely, because E. D. Mich. LR 7.1(d)(2)(B) provides that "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." Doc. Ent. 95 at 4.

Defendant City of Detroit contends that "Mr. Clay continues to display his contempt for the legal process by refusing to appear for deposition; refusing to properly respond to

Defendant's motion; and refusing to provide any reason that he should not appear for deposition." Doc. Ent. 95 at 3 ¶12. However, after considering the motion, the response, the reply, and the oral argument of counsel for the parties, and consistent with my April 15, 2009 ruling from the bench, defendant City of Detroit's motion for order to show cause is denied.

First, there has been an insufficient showing to require witness Michael Clay to appear and respond to an order to show cause why he should not be held in contempt of court. There is grave doubt as to whether Mr. Clay was properly served with a deposition subpoena to appear for deposition at a given date, time and place. Even assuming Mr. Clay had been served, it appears he consulted with plaintiff's counsel who attempted to make alternate arrangements for the deposition to be taken.

Second, I am aware that the possibility exists that Judge Tarnow may rule that defendants should be defaulted with respect to liability.[2] If Judge Tarnow so rules, there would be no need to consider allowing defense counsel to seek to depose Mr. Clay before any trial as to damages, because plaintiff's counsel said Mr. Clay would not be called as a witness in such a proceeding. If, on the other hand, Judge Tarnow rules that defendant is not precluded from disputing liability, it appears Mr. Clay would be called as a plaintiff's witness at such a trial. If so, defense counsel should be provided with an opportunity to depose Mr. Clay prior to such a trial. In this eventuality, defense counsel and plaintiff's counsel should agree as to the time, date and place of the taking of Mr. Clay's deposition. It would be the responsibility of plaintiff's counsel to see

---

[2]On January 13, 2009, I entered a report which recommended, "[i]f defendants do not produce non–parties Perdue-Eaddy and York for deposition on or before January 30, 2009, on dates and times agreeable to plaintiff's counsel, the Court should find defendants City of Detroit, Dondre Penn and Kevin Treasvant in default as to plaintiff's allegations of liability in the first amended complaint (Doc. Ent. 2) and set the matter for trial only as to damages." Doc. Ent. 81.

5

that Mr. Clay appears. If plaintiff's counsel does not cooperate in making such arrangements, then defendant City of Detroit has leave to file a motion in limine asking Judge Tarnow to preclude plaintiff from calling Mr. Clay as a witness.

Additionally, plaintiff's counsel urged the Court to deny defendant City of Detroit's motion for order to show cause, because the discovery deadline has passed. Defense counsel made an oral motion for an extension of discovery for the purpose of taking Mr. Clay's deposition. I conclude that defense counsel did begin efforts to seek the deposition of Mr. Clay prior to the close of discovery and should not be precluded from doing so solely because the discovery deadline has passed.

Finally, plaintiff's request for an award of costs and attorney fees is denied. I conclude that the motion was not frivolous and that defense counsel was operating in good faith. Furthermore, to the extent, if at all, the instant motion was a motion to compel discovery in the form of Mr. Clay's deposition, Fed. R. Civ. P. 37(a) provides, in part, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

## II.     ORDER

Consistent with the foregoing, defendant City of Detroit's motion for order to show cause (Doc. Ent. 90) is DENIED.

6

IT IS SO ORDERED.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


                              s/Paul J. Komives
                              PAUL J. KOMIVES
Dated: 4/16/09                UNITED STATES MAGISTRATE JUDGE


| The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on April 16, 2009. |
|---|
| s/Eddrey Butts<br>Case Manager |